UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN R. McCOOL,

                                   Plaintiff,

                                                          5:21-cv-1242
v.                                                          (GTS/TWD)

NORTHUMBERLAND COUNTY, et al.,

                                   Defendants.
_____

APPEARANCES:

JOHN R. McCOOL
Plaintiff, *pro se*
SCI Coal Township
1 Kelly Drive
Coal Township, PA 17866

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      John R. McCool ("Plaintiff") filed an Original Complaint on November 17, 2021, asserting claims under 42 U.S.C. § 1983 against various counties, prosecutors, the New York State Attorney General, the Pennsylvania State Attorney General, and the United States Attorney General. (Dkt. No. 1.) On December 13, 2021, Chief Judge Glenn T. Suddaby dismissed Plaintiff's Original Complaint under 28 U.S.C. § 1915A(b), granting Plaintiff leave to file an Amended Complaint. (Dkt. No. 4.) Plaintiff filed an Amended Complaint on February 22, 2022, re-asserting many of the same claims against many of the same defendants (collectively "Defendants"). (Dkt. No. 10.) The undersigned recommends dismissing Plaintiff's Amended Complaint with prejudice because the claims are frivolous, it fails to state a claim upon which relief may be granted, and Defendants are all immune. 28 U.S.C. § 1915A(b).

**I.     BACKGROUND**

For over two decades, Plaintiff has challenged his Pennsylvania State convictions in federal courts through habeas petitions and civil suits. *See, e.g.*, *McCool v. Kyler*, No. 4:CV-00-1418, 2001 U.S. Dist. LEXIS 26966, at *3-4 (M.D. Pa. Feb. 16, 2001) (adopting the report and recommendation and dismissing McCool's habeas petition for failure to exhaust state remedies); *McCool v. Snyder Cty.*, No. 4:01-CV-0731, 2001 U.S. Dist. LEXIS 26948, at *5-6 (M.D. Pa. Dec. 14, 2001) (adopting the report and recommendation and dismissing McCool's complaint, filed under 42 U.S.C. § 1983, against various counties, public defenders, prosecutors, and judges); *McCool v. Mechling*, No. 4:CV-02-338, 2003 U.S. Dist. LEXIS 28763, at *3 (M.D. Pa. Nov. 17, 2003) (adopting the report and recommendation and dismissing McCool's habeas petition as untimely); *McCool v. Mechling*, No. 4:02-CV-0337, 2003 U.S. Dist. LEXIS 28764, at *12 (M.D. Pa. Dec. 1, 2003) (adopting the report and recommendation and dismissing McCool's habeas petition for procedural default); *McCool v. Mechling*, No. 4:CV-04-992, 2004 U.S. Dist. LEXIS 32197, at *2 (M.D. Pa. June 7, 2004) (adopting the report and recommendation and dismissing McCool's habeas petition "as an abuse of the writ and a successive petition"); *McCool v. Snyder Cty.*, No. 4:CV-11-1038, 2014 WL 2930648, at *1, 6-10 (M.D. Pa. June 27, 2014) (dismissing McCool's claims, asserted under 42 U.S.C. § 1983, against Snyder County and Northumberland County because they failed as a matter of law, they were barred by the statute of limitations, and they were barred under the doctrine of *res judicata*); *McCool v. Pennsylvania*, No. 4:14-CV-0083, 2014 WL 6908310, at *1 (M.D. Pa. Dec. 8, 2014) (adopting the report and recommendation and remanding McCool's civil action to the Court of Common Pleas of Northumberland County, Pennsylvania); *McCool v. Pennsylvania*, No. 4:14-CV-0082, 2014 WL 6908276, at *1 (M.D. Pa. Dec. 8, 2014) (adopting the report and recommendation and

remanding McCool's civil action to the Court of Common Pleas of Snyder County, Pennsylvania); *McCool v. Pennsylvania Att'y Gen.*, No. 9:18-CV-0708 (LEK), 2018 WL 3193204, at *2 (N.D.N.Y. June 28, 2018) (denying McCool's request for mandamus relief, and dismissing the case with prejudice); *McCool v. Shapiro*, Case No. 9:18-CV-802 (GTS) (N.D.N.Y. Aug. 7, 2018) (concluding McCool's habeas petition was successive and transferring it to the Third Circuit Court of Appeals); *McCool v. Kyler*, No. 4:00-CV-01418, 2019 WL 6310427, at *1 (M.D. Pa. Nov. 25, 2019) (adopting report and recommendation and denying McCool's motion under Federal Rule of Civil Procedure 60(b)(6)); *McCool v. Snyder Cty.*, 844 F. App'x 590, 592 (3d Cir. 2021) (affirming the denial of McCool's Rule 60(b)(6) motion). The Third Circuit recently provided the following summary of Plaintiff's criminal history and subsequent challenges:

> "In 1981, while serving prison time in New York, McCool was charged with various offenses in Snyder and Northumberland Counties, Pennsylvania. Pursuant to the Interstate Agreement on Detainers Act ("IADA"), McCool was taken to Pennsylvania. He was first convicted in Snyder County of rape, kidnapping, and involuntary deviate sexual intercourse. He was then taken to Northumberland County and convicted of rape, kidnapping, unlawful restraint, involuntary deviate sexual intercourse, indecent assault, robbery, and related motor-vehicle offenses. He was sentenced to an aggregate term of thirty to sixty years. McCool was then returned to New York to serve the remainder of his sentence. In 1995, New York released him to the custody of the Pennsylvania Department of Corrections.
>
> McCool has since brought numerous unsuccessful challenges to his Pennsylvania convictions, including at least six petitions pursuant to Pennsylvania's Post-Conviction Relief Act and four petitions pursuant to 28 U.S.C. § 2254. In these proceedings, McCool has repeatedly argued that his Pennsylvania convictions were obtained in violation of the IADA; courts have repeatedly rejected this argument."

*McCool*, 844 F. App'x at 591; *see also McCool*, 2014 WL 6908276, at *1-4 (M.D. Pa. Dec. 8, 2014) (detailing McCool's criminal cases, transfer from New York to Pennsylvania, and

3

subsequent challenges in federal courts); *see generally McCool v. Beard*, No. 3:06-CV-08 (DWA) (KAP), 2006 WL 3484311, at *1 (W.D. Pa. Nov. 30, 2006) (dismissing McCool's "149-page complaint against approximately 50 defendants" because he "filed three actions dismissed for failure to state a claim . . . and is subject to the three strikes rule"); *McCool v. New York State*, 29 F. Supp. 2d 151, 164 (W.D.N.Y. 1998) (denying McCool's habeas petition and denying a certificate of appealability on his New York State convictions).

Through his Original Complaint, brought under 42 U.S.C. § 1983, Plaintiff claimed several defendants[1] violated his constitutional rights by acting in concert to improperly transfer him from New York to Pennsylvania under the Interstate Agreement on Detainers Act ("IADA").  (*See* Dkt. No. 1.)  Chief Judge Suddaby dismissed the Original Complaint under 28 U.S.C. § 1915A(b) because: (1) Plaintiff's claims were barred by the doctrines of *res judicata* and collateral estoppel, (2) Plaintiff's claims were barred by the governing statutes of limitations, and (3) Defendants were immune from suit.  (Dkt. No. 4.)

Through his Amended Complaint, also brought under 42 U.S.C. § 1983, Plaintiff advances essentially the same claims against many of the same individuals and entities.[2]  (Dkt.

---

[1] Plaintiff's Original Complaint named the following defendants: Northumberland County, Pennsylvania; Snyder County, Pennsylvania; Merrick B. Garland, United States Attorney General; Letitia James, New York State Attorney General; Michael Piecuch, Snyder County District Attorney; Tony Matulewicz, Northumberland County District Attorney; Joshua Shapiro, Pennsylvania State Attorney General.  (Dkt. No. 1.)

[2] Plaintiff's Amended Complaint names the following defendants: Chester H. Clark, Supervisor of Inmate Classification for New York State Department of Corrections; Snyder County, Pennsylvania; John Robinson, Snyder County District Attorney; Judge Harold Woelfel, Snyder County Court of Common Pleas; Vincent R. Mazeski, court appointed defense attorney; Michael Piecuch, Snyder County District Attorney; Northumberland County; Thomas Boop, Assistant District Attorney for Northumberland County; Edward Klein, Assistant District Attorney Northumberland County; Robert B. Sacavage, Northumberland County District Attorney and Common Pleas Judge; Tony Matulewicz, Northumberland County District Attorney (collectively "Defendants").  (Dkt. No. 10 at 3-6.)

4

No. 10.) Plaintiff appears to claim these individuals and entities violated his Eighth and Fourteenth amendment rights by either permitting or not preventing his transfer from New York to Pennsylvania under the IADA. *See id.* at 6-9.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915A, a district court must review any "complaint in a civil action in which a prisoner[3] seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999).[4] A dismissal under § 1915A can be with prejudice. *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004); *see, e.g.*, *Chapman v. Doe (One)*, No. 9:19-CV-1257 (GTS) (CFH), 2019 WL 6493971, at *7-8 (N.D.N.Y. Dec. 3, 2019); *Animashaun v. Schmidt*, No. 17-CV-3026 (KAM), 2017 WL 4863083, at *3 (E.D.N.Y. Oct. 26, 2017).

When undertaking this initial review, courts must construe *pro se* pleadings with the utmost leniency. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers"); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

---

[3] Plaintiff is a "prisoner" as that term is used in 28 U.S.C. § 1915A(a). (*See* Dkt. No. 10 at 3; *see also* 28 U.S.C. § 1915A(c) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.").)

[4] Unless otherwise indicated, in quoting cases, all alterations, internal quotation marks, emphases, footnotes, and citations are omitted. *See, e.g.*, *Sczepanski v. Saul*, 946 F.3d 152, 157 n.4 (2d Cir. 2020).

Courts must also exercise caution when determining whether to *sua sponte* dismiss a *pro se* complaint on the grounds that it is frivolous. *See Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991); *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "A claim is based on an indisputably meritless legal theory when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Id.*

To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Iqbal*, 556 U.S. 662, 678. It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555; *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III.    DISCUSSION

Plaintiff's Amended Complaint should be dismissed because the claims are frivolous, the Amended Complaint fails to state a claim upon which relief may be granted, and Defendants are immune.  28 U.S.C. § 1915A(b).

First, the claims are frivolous because they lack an arguable basis in law and dispositive defenses appear on the face of the Amended Complaint.  *See Livingston*, 141 F.3d at 437.  There is no arguable basis in law for Plaintiff's claim that his transfer from New York to Pennsylvania under the IADA gave rise to Eighth and Fourteenth Amendment claims against all Defendants.  (*See generally* Dkt. No. 10.)  For various reasons, federal courts have rejected this claim and the underlying legal theory numerous times.  *See, e.g.*, *McCool*, 2001 U.S. Dist. LEXIS 26966, at *3-4; *McCool*, 2001 U.S. Dist. LEXIS 26948, at *5-6; *McCool*, 2003 U.S. Dist. LEXIS 28763, at *3; *McCool*, 2003 U.S. Dist. LEXIS 28764, at *12; *McCool*, 2004 U.S. Dist. LEXIS 32197, at *2; *McCool*, 2006 WL 3484311, at *1; *McCool*, 2014 WL 2930648, at *1, 6-10; *McCool*, 2018 WL 3193204, at *2.  Plaintiff is estopped from asserting these claims because federal courts have already dismissed the same claims against the same individuals or entities in other actions brought under 42 U.S.C. § 1983.  *See McCool*, 2014 WL 2930648, at *1, 6-10 (dismissing McCool's suit, asserted under 42 U.S.C. § 1983, against Snyder and Northumberland Counties because it barred by the statute of limitations and the doctrine of *res judicata*); *see also McCool*, 2001 U.S. Dist. LEXIS 26948, at *5-6 (dismissing McCool's suit, asserted under 42 U.S.C. § 1983, against, among others, Snyder County, Northumberland County, Judge Harold F. Woelfel, John T. Robinson, Vincent R. Mazeski, Thomas E. Boop, and Robert Savage); *accord* Dkt. No. 4 at 2.  Furthermore, because the conduct at issue occurred in 1995, Plaintiff's claims are barred by the applicable statute of limitations.  (*See* Dkt. No. 10 at 10; *see also McCool*, 2014 WL

2930648, at *8-9 (dismissing McCool's claims as untimely); *see generally Animashaun v. Schmidt*, No. 17-CV-3026 (KAM), 2017 WL 4863083, at *3 (E.D.N.Y. Oct. 26, 2017) (dismissing time-barred claims on initial review).)

Second, the Amended Complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); *see generally* Dkt. No. 10. "To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) that some person has deprived him of a federal right, and (2) that the person who has deprived him of that right acted under color of state law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005). Plaintiff has not provided "a short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). Instead, he advances the general claim that Defendants violated his constitutional rights by either permitting or not preventing his transfer from New York to Pennsylvania under the IADA. (*See* Dkt. No. 10.) He makes no specific claims about who did what, when they did it, and how their action or inaction caused his injury. *See id.; see, e.g.*, *Perez v. Colon*, No. 9:19-CV-0722 (BKS), 2019 WL 5102612, at *6 (N.D.N.Y. Oct. 11, 2019) ("In the absence of factual allegations sufficient to plausibly suggest that the defendant was personally involved in conduct that violate Plaintiff's constitutional rights, the complaint fails to state a cognizable claim against him/her."); *Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) ("Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim.") (collecting cases). Plaintiff's Amended Complaint accordingly fails to give Defendants "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555; *see also* Fed. R. Civ. P. 8(a)(2).

Third, the Defendants are immune. 28 U.S.C. § 1915A(b); *see also* Dkt. No. 4 at 2. Plaintiff's claims against judges are barred by the doctrine of judicial immunity. *See, e.g.*,

*Hardy-Graham v. Southampton Just. Ct.*, No. 20-CV-0981(JS) (SIL), 2021 WL 260102, at *5 (E.D.N.Y. Jan. 25, 2021); *United States v. Bommer*, No. 1:19-CV-00823 EAW, 2020 WL 1963159, at *4 (W.D.N.Y. Apr. 21, 2020). His claims against various prosecutors are barred by the doctrine of prosecutorial immunity. *See McCool*, 2001 U.S. Dist. LEXIS 26948, at *5 (dismissing McCool's claims against prosecutors); *see generally Oshintayo v. Krause*, No. 3:19-CV-0253 (DNH) (DEP), 2019 WL 1877438, at *5 (N.D.N.Y. Apr. 1, 2019), *report and recommendation adopted*, No. 3:19-CV-253, 2019 WL 1877172 (N.D.N.Y. Apr. 26, 2019). Plaintiff's claims against his court-appointed defense attorney fail because the attorney was not a state actor and therefore was not acting under color of state law. *See McCool*, 2001 U.S. Dist. LEXIS 26948, at *5 (dismissing McCool's claims against the court appointed defense attorneys); *see generally Hardy-Graham*, 2021 WL 260102, at *7 (E.D.N.Y. Jan. 25, 2021) (collecting cases). Moreover, the Eleventh Amendment bars Plaintiff's official capacity claims against Defendants. *See, e.g.*, *Jackson v. Pfau*, 523 F. App'x 736, 738 (2d Cir. 2013) (concluding the court "properly dismissed Jackson's Section 1983 claims against state Department of Correctional Services Commissioner Brian Fischer in his official capacity as barred by the Eleventh Amendment."); *Horne v. Dist. Att'y York Cty.*, 499 F. App'x 140, 142 (3d Cir. 2012) (concluding the Eleventh Amendment prohibited official capacity claims against officials of York County, Pennsylvania).

IV.   **CONCLUSION**

For the foregoing reasons, the undersigned recommends dismissing Plaintiff's Amended Complaint in its entirety. (*See* Dkt. No. 10.) Typically, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-

9

705 (2d Cir. 1991). In this case, however, Plaintiff has already had an opportunity to amend, and additional amendment is unlikely to cure the substantive hurdles in Plaintiff's claims. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 10) be **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: April 4, 2022
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. 6(a)(1)(C).